# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RODNEY ALLEN RENEHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  2:12-cv-09-JMS-DKL |
| | ) |
| UNITED STATES POSTAL | ) |
| SERVICE, | ) |
| | ) |
| Defendant. | ) |

### Entry and Order Dismissing Action

For the reasons explained in this Entry, the action must be dismissed.

### I.

The plaintiff's motion for leave to proceed *in forma pauperis* [7] is **granted.**

### II.

#### A.

Upon granting a request to proceed *in forma pauperis,* a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

#### B.

Renehan filed this civil action against the United States Postal Service ("USPS").[1] His complaint asserts two claims. In Claim 1, Renehan alleges that

---

[1] *Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005) (noting that the composition and content of the amended complaint are entirely the responsibility of the plaintiff, for "even pro se

multiple packages sent to him were mishandled. Some packages were delivered to his prior residence and not delivered directly to him. Other packages were simply never delivered. In claim 2, Renehan alleges "one more delivery had evidently transpired without my personal knowledge. In August or September of 2010, I received a knock on my prior residence at 425 N. North Street Apt. 3, by Sgt. Bruce Steward, who then asked me about a 'Toyota Corolla' that was also to be delivered. I further explained that no such automobile were ever delivered to my person." Renehan seeks insurance of his packages, $50,000.00 or proof of insurance, criminal prosecution "data," and all mail reported lost in August and September of 2010.

### III.

The Federal Tort Claims Act ("FTCA") confers jurisdiction on the district courts to adjudicate claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission took place." 28 U.S .C. § 1346(b).

Although the Postal Reorganization Act transformed the USPS into an independent establishment of the executive branch, see 39 U.S .C. § 201, the Act also provides that the Federal Tort Claims Act ("FTCA") "shall apply to tort claims arising out the activities of the Postal Service." 39 U.S.C. § 409(c); see *Smith v. United States Postal Service Inspector General*, 2007 WL 537712 (E.D.Ark Feb. 16, 2007). Insofar as pertinent here, however, the FTCA contains a provision commonly called the "postal matter exception" that retains the United States' sovereign immunity for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

The postal matter exception bars claims seeking redress for injuries "arising directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan v. U.S. Postal Service*, 126 S. Ct. 1252, 1258 (2006). "Illustrative instances of the exception's operation, then would be personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (e.g., medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel (e.g., shattering of shipped china)." *Id.*

Renehan's claims that he has suffered financial injury from the late delivery, diversion, and mishandling of his mail fall within the postal matter exception of the

---

litigants are masters of their own complaints and may choose who to sue-or not to sue" and explaining that Ato make someone a party the plaintiff must specify him in the caption and arrange for service of process@)(citing Fed.R.Civ.P. 10(a) (AIn the complaint the title of the action shall include the names of all the parties@)).

FTCA. The consequence of this is that those claims are barred by the United States' sovereign immunity.

### IV.

A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder,* 478 F.3d 827, 830 (7th Cir. 2007); *McReady v. Ebay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006). That is the case here, where the complaint shows on its face there is no plausible claim against the USPS.

The action is therefore **dismissed**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 03/02/2012

*(signature)*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana